IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KEITH NORDICK,

    Defendant.
_____/

CIV. NO. S-05-1309 EJG
CR. NO. S-04-0209 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence. After reviewing the record and the documents filed in connection with the motion, the court has determined that it may be decided without a hearing and without a response from the United States because the files and records of the case affirmatively show the factual and legal invalidity of defendant's motion. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons set forth below, the motion is DENIED.

///
///

1

## BACKGROUND

On November 18, 2004, defendant pled guilty to one count of mail fraud, one count of wire fraud, and one count of conspiracy to commit money laundering, and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 1343, 1956 and 2.  He was sentenced February 25, 2005, to a total aggregate term of 65 months imprisonment, and 36 months supervised release.  Pursuant to the terms of his plea agreement, defendant waived appeal as well as collateral attack of his sentence and conviction.  Now, barely three months after he was sentenced, before the ink on the Judgment is dry, and despite the language of his plea agreement, defendant has filed the instant motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, making several substantive challenges to his plea and sentence.

## DISCUSSION

As part of his plea agreement the defendant agreed to waive his right to appeal his sentence and conviction, so long as his sentence was consistent with certain sentencing guideline stipulations set forth in the plea agreement.  In addition, he waived his right to bring a post-conviction attack on his conviction and sentence, specifically agreeing not to file a motion pursuant to sections 2255 and 2241 of Title 28 of the United States Code.  Plea Agreement, ¶ VII.B, 16:14-27 (attached as Exhibit 1).  Defendant's waiver of his appellate rights is enforceable as long as the waiver encompasses the grounds raised

in the challenge and is knowingly and voluntarily made. <u>United States v. Joyce</u>, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); <u>United States v. DeJarnette</u>, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

Here, defendant's waiver is broad and clearly encompasses the collateral attack set out in his § 2255 motion. For example, defendant specifically waived his rights to challenge his removal from Mexico as well as appeal any order of restitution imposed by the court. In spite of the clear language to this effect in his plea agreement, defendant raises both of these issues as claims in his 2255 motion.

Nor does the failure to specify an issue in the plea agreement rescue it from the broad provisions of the waiver. This is not an instance where the plea agreement provides a limited waiver, listing exceptions in which appellate or post-conviction attacks are contemplated. <u>See e.g.</u> <u>United States v. Aureoles</u>, 126 Fed. Appx. 393 (9th Cir., March 22, 2005) (plea agreement expressly reserved right to bring post-conviction attack based on ineffective assistance of counsel)[1]; <u>United States v. Shimoda</u>, 334 F.3d 846 (9th Cir. 2003)(defendant

---

[1] Pursuant to Rule 36-3 of the Rules of the Ninth Circuit Court of Appeals, unpublished dispositions are not precedent and may not be cited except in certain limited circumstances. Accordingly, while <u>Aureoles</u> has no precedential value, it is cited because it directly addresses the factual issue raised in the instant case, namely specificity of limited waivers of appellate rights and, therefore, is persuasive authority.

3

1  retained right to challenge upward departure in collateral
2  attack).  Instead, this is a broad, all-encompassing waiver
3  giving up "any right [defendant] may have to bring a post-
4  conviction attack on his conviction or his sentence."  Plea
5  Agreement, 16:23-24.
6      Finally, defendant has not alleged or demonstrated that his
7  waiver was either involuntary or unknowing.  The plea agreement
8  is clear in its expression of the waiver and defendant cannot
9  legitimately contend he did not know the meaning of the waiver
10 where the agreement bears his signature, and he was specifically
11 questioned by the court about his understanding of the waiver
12 during the plea colloquy.  Transcript of Change of Plea, 18:1-13
13 (attached as Exhibit 2). Because defendant has waived his right
14 to collaterally attack his sentence, the motion to vacate, set
15 aside or correct his sentence pursuant to 28 U.S.C. § 2255 is
16 DENIED.

## CONCLUSION

1. Defendant's motion to vacate, set aside or correct his sentence is DENIED.

2. The Clerk of Court is directed to close companion civil case No. S-05-1309 EJG.

IT IS SO ORDERED.

Dated: July 5, 2005

EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4